UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINA L.A.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:24-CV-701-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

                **I. BACKGROUND**

Plaintiff filed an application for SSI on February 18, 2021. Dkt. 7, Administrative Record (AR) 17. Her requested hearing was held before an Administrative Law Judge (ALJ) on

1  September 18, 2023. AR 34–54. On October 30, 2023, the ALJ issued a written decision finding

2  Plaintiff not disabled. AR 14–33. The Appeals Council declined Plaintiff's timely request for

3  review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On

4  May 22, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's

5  decision. Dkt. 5.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in assessing the medical opinions of Jennifer Drake, ARNP, and Erinn King, PA-C, and in assessing her Residual Functional Capacity (RFC). *See generally* Dkt. 12.

Under the 2017 regulations applicable here, an ALJ considers all medical opinions and prior administrative findings in the record without giving any deference or specific evidentiary weight to any of them. 20 C.F.R. § 416.920c(a). The ALJ must explain how he considered the persuasiveness of each opinion using, at a minimum, the factors of supportability and consistency. 20 C.F.R. § 416.920c(a)–(b). The persuasiveness determination must be supported by substantial evidence. *Woods v. Kijikazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Examining Consultant ARNP Drake completed an opinion in July 2022. *See* AR 443–49. She opined Plaintiff would be unable to sustain concentration and persist in work-related activity at a reasonable pace; interact with coworkers, superiors, or the public; or adapt to the usual

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

stresses encountered in the workplace. AR 448. She explained those limitations were based on Plaintiff being prone to disassociation and distraction and experiencing paranoia. *See id.*

The ALJ found the opinion unpersuasive:

> While this examiner examined the claimant, the examiner largely cited the claimant's own reports of limitations, to include reporting paranoias of people stalking her and electromagnetic pulses destroying the electrical grid, but the record from the time closes[t] to when this exam was performed does not document these paranoias. The record shows a much higher level of function than opined [AR 366, 369, 452, 467, 473, 479, 487, 508].

AR 26.

That ARNP Drake based her limitations on Plaintiff's reports is not a valid basis on which to reject the opinion. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("[T]he rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness."). Indeed, ARNP Drake completed a clinical interview and mental status examination of Plaintiff, documenting abnormal results related to her paranoia and concentration. *See* AR 444, 446. "These are objective measures and cannot be discounted as a 'self-report.'" *Buck*, 869 F.3d at 1049.

In support of her finding that Plaintiff had a "much higher level of function[ing]" than ARNP Drake opined, the ALJ cited to evidence showing normal results in some mental status examinations. This finding, along with the ALJ's finding that Plaintiff's paranoia was not documented, were not supported by substantial evidence. Plaintiff's paranoia is documented throughout the record and numerous mental status examinations found abnormal results. *See e.g.*, AR 361 (anxious mood), 366 ("auditory hallucinations present"), 369 (same), 374 ("overwhelmed," "isolating," dysphoric mood, paranoid thought content), 378 (impaired judgment/insight, notes "mood more up and down with more extremes than usual"), 431 (anxious mood), 446 ("Thought Content – Delusions, Paranoia, Paucity"), 496 (documenting

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

1  paranoid thoughts, increasing medications), 502 (impaired attention), 508 ("ongoing delusions,"
2  paranoia, intrusive thoughts, stress), 514 (anxious mood, "admits to feeling paranoia," "anxiety
3  and paranoia are exacerbated at this time"), 531 ("ongoing difficulty with reality testing").

4        Thus, the ALJ erred by failing to consider the abnormal findings in the record which
5  undermined her determination. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014)
6  (finding error where "ALJ improperly cherry-picked" favorable evidence without considering
7  unfavorable evidence). Particularly with mental impairments, symptoms wax and wane, and
8  therefore some normal findings, or the absence of abnormal findings for a short period of time,
9  do not necessarily show a claimant is capable of full-time, regular work without substantial
10 disturbances. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of
11 improvement and debilitating symptoms are a common occurrence, and in such circumstances it
12 is error for an ALJ to pick out a few isolated instances of improvement over a period of months
13 or years and to treat them as a basis for concluding a claimant is capable of working.").

14       The ALJ therefore failed to provide adequate reasons for discounting ARNP Drake's
15 opinion. This error was not harmless, as her opinion suggested limitations beyond those found in
16 the RFC were warranted. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th
17 Cir. 2006) (generally, an error is harmless if it is not prejudicial to the claimant and is
18 "inconsequential to the ultimate nondisability determination"). Because the Court finds the ALJ
19 harmfully erred in evaluating this evidence, the Court need not consider Plaintiff's remaining
20 arguments. Rather, the Court directs the ALJ to reassess the medical evidence and, if warranted,
21 reassess Plaintiff's RFC.

22       Plaintiff requests the Court remand for an award of benefits. Dkt. 12 at 18. Although the
23 Court has found the ALJ erred in addressing ARNP Drake's opinion, the ALJ would not
24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

necessarily be required to find Plaintiff disabled if this opinion were credited, precluding such a remedy. *See Garrison*, 759 F.3d at 1020. In particular, there are contrary medical opinions in the record which the ALJ found persuasive and which the ALJ would be free to prefer over those of ARNP Drake and PA King on remand. *See* AR 26–27; 20 C.F.R. § 416.920c(a) (new regulations do not require ALJ to defer or give weight to treating or examining physicians); *Woods*, 32 F.4th at 791 (recognizing that the revised regulations stemmed, in part, from disagreement with Ninth Circuit practice of crediting-as-true treating and examining physicians' opinions and consequently awarding benefits based on the presumptive weight given to those opinions).

## IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 5th day of December, 2024.

David W. Christel
United States Magistrate Judge